Christopher Rusby, Esq. NSB #11452
RUSBY LAW, PLLC
36 Stewart Street
Reno, Nevada 89501
(775) 409-4037
chris@rusbylaw.com
(*Local Counsel*)

Richard Carnell Baker – *Pro Hac Vice Admission*
BAKER SIMMONS, ATTORNEYS AT LAW
800 Connecticut Ave., N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 775-0050
Fax: (202) 204-5784
richardcbaker@aol.com

Attorneys for Plaintiff
JAMES RICHARDSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RICHARDSON,<br><br>   Plaintiff,<br><br>vs.<br><br>GERALD ROSE, DOES 1 through 10,<br><br>   Defendants. | Case No. 3:22-cv-00265-MMD-CSD<br><br>**OPPOSITION TO MOTION TO DISMISS** |

Plaintiff, James Richardson, by and through his undersigned counsel of record, hereby respectfully files this Opposition to the Motion to Dismiss [Dkt. #5] (the "Motion"), and states that the Federal Tort Claims Act ("FTCA") is not triggered here because the United States is not a party defendant. This is true because neither the Defendant Gerald W. Rose (the "Defendant") nor the United States has comported with the mandated terms and conditions of the Federal Employees Liability Reform and Tort Compensation Act of

1998, commonly known as the Westfall Act, 28 U.S.C. § 2679 (the "Westfall Act"). This action is thus pending against the Defendant exclusively in his individual capacity and the FTCA is not applicable.

For the reasons stated more particularly below, the Motion should be denied.[1]

## I. PROCEDURAL SUMMARY

1. On or about May 31, 2022, Plaintiff, *pro se*, filed a Complaint for Defamation against Defendant (and Does 1 through 10), in the Second Judicial District Court of the State of Nevada in and for the County of Washoe (the "State Court"), Case No.: CV-22-00862, Dept. 6. *See Dkt. # 1-1, p. 2-24 (the "Complaint")*. The Complaint sets forth three (3) Counts, namely: Count I (Defamation Libel *Per Se*); Count II (Slander *Per Se*); and Count III (Intentional Infliction of Emotional Distress). *Id*.

2. According to the Complaint, both Plaintiff and Defendant are residents of Washoe County, Nevada. *Id., p. 3, ¶ 2*.

3. Furthermore, Plaintiff alleges that at all times relevant to the action, both Plaintiff and Defendant were employees of the U.S. Department of Transportation, Federal Aviation Administration ("FAA"), serving as Aviation Safety Inspectors ("ASIs").

4. In summary, Plaintiff avers that Defendant defamed or otherwise intended to injure him by, *inter alia*, falsely and maliciously stating during the investigation of a "Hotline" complaint that Plaintiff engaged in "criminal" and other misconduct during the performance of a flight safety ramp inspection. *Id. ¶ 23, passim*. Defendant was not present during the inspection in question, *Id. ¶ 11*, yet Defendant knowingly and repeatedly proffered "outrageous," exaggerated personal statements "unrelated to the actual investigation" designed to destroy Plaintiff's heretofore unblemished career with the FAA. *Id. ¶¶ 15-17*.

---

[1] Contemporaneously herewith, Plaintiff is filing his Motion to Remand based upon this Court's lack of subject matter and thus removal jurisdiction.

5. Plaintiff alleges that Defendant's allegations against Plaintiff were made and published "with malice and without any absolute, qualified or conditional privilege." *Id. ¶ 21*.

6. Plaintiff further alleges that Defendant's representations "were so outrageous … that [Defendant's] statements fall outside of any protection the law might provide to someone who comes forward with such allegations regarding an inspection that he did not personally witness." *Id. ¶ 22.*

7. On or about June 13, 2022, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. § 1442(a)(1), only (the "Notice"). *[See Dkt. # 1, pp. 1-2]*. In support of the Notice, Defendant states that the: (1) "'Complaint for Defamation' is directed against [Defendant], a federal Aviation Safety Inspector with the Federal Aviation Administration, in a civil action pending in…" the State Court; (2) "'Complaint for Defamation' is one that may be removed without bond to this Court pursuant to Section 1442(a)(1) for the reason that Plaintiff has filed a civil action in state court against an officer or an agency of the United States relating to an act under color of such office at the time of the alleged events. See 28 U.S.C. § 1442(a)(1) (a civil action commenced in state court that is against or directed to any officer of an agency of the United States relating to any act under color of such office may be removed to the District Court of the United States)."

8. The Notice of Removal is defective because this Court lacks subject matter jurisdiction based on this record. *See Plaintiff's Motion to Remand, contemporaneously filed herewith*.

9. Defendant also filed the Motion [Dkt.# 5]. Therein, Defendant avers (mistakenly) that Plaintiff's claims fail, *prima facie*, because Defendant, like the United States, is *ipso facto* entitled to sovereign immunity. *Id., p. 2*. Not only does the Defendant fail to reference the Westfall Act in his Motion or otherwise, Defendant or the United States failed to tender any certification mandated thereby stating that the Defendant was "acting within the scope of his office or employment at the time of the incident out of which the claim arose." *See 28 U.S.C. §2679(d)(1)* (referred to herein as a "Westfall

Certification").

10. The FTCA is not applicable; and, Defendant is not entitled to enjoy sovereign immunity on this record.

## II. ARGUMENT

### A. The Motion to Dismiss Should be Denied

#### 1. Standard of Review

In reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, this Court must take the allegations in the Complaint as "true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also Bollard v. Cal. Province of the Soc'y of Jesus,* 196 F.3d 940, 944-45 (9th Cir. 1999); *Orsay v. United States Dep't of Justice,* 289 F.3d 1125, 1127 (9th Cir. 2002).

In *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004), the Ninth Circuit explained the difference between facial and factual attacks under Rule 12(b)(1), as follows:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Id.*

If the moving party converts "the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (*quoting Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003), *cert. denied,* ___ U.S. ___, 124 S.Ct. 2067 (2004)).

In this case, the Defendant erroneously argues that the allegations in the Complaint are insufficient on their face to establish subject matter jurisdiction. *[Dkt.# 5, p. 2].* Whether subject matter jurisdiction exists therefore does not depend on resolution of a

RUSBY LAW
36 STEWART ST.
RENO, NV 89501
(775) 409-4037

- 4 -

factual dispute, but rather on the allegations in Complaint. By law, however, Plaintiff's allegations are to be taken as true, and this Court must draw all reasonable inferences in his favor. *See* Fed.R.Civ.P. 12(b)(1); *Savage,* 343 F.3d at 1039 n. 1; *Saridakis v. United Airlines,* 166 F.3d 1272, 1274 n. 1 (9th Cir. 1999). Notably, the Defendant attaches no affidavits, declarations or other documentary evidence to his Motion.

In the case at bar, the Complaint was drafted by the Plaintiff, *pro se*. [Dkt.#1-1, pp. 3-24]. This Court should therefore construe the complaint liberally because it was drafted by a *pro se* plaintiff. *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987).

**2. The United States is not a Party Defendant; the Westfall Act was not Invoked by the United States' Election; therefore, Plaintiff's Claims are not Barred by the FTCA or the Doctrine of Sovereign Immunity**

The Westfall Act, 28 U.S.C. § 2679, is an exception to the waiver of sovereign immunity and gives federal employees absolute immunity from common law tort claims that arise out of actions taken within the course of their official duties. *Osborn v. Haley*, 549 U.S. 225, 229 (2007). Congress enacted the Westfall Act in response to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), which added a "discretionary function" requirement as part of the criteria for granting a federal officer immunity. Under the procedures in place pursuant to the Westfall Act, when a federal employee is named in a tort suit, the Attorney General or his designee may certify that the employee was acting within the scope of his employment when he committed the alleged tort. *Osborn*, 549 U.S. at 230. "The United States Attorney in the proper district . . . or any Director of the Torts Branch, Civil Division, Department of Justice, is authorized to make the statutory certification that the [f]ederal employee was acting within the scope of his office or employment with the [f]ederal [g]overnment at the time of the incident out of which the suit arose." *28 C.F.R. § 15.4; 28 U.S.C. § 2679(d)* (referred to herein as a "Westfall Certification"). Once this certification occurs, the United States will then be substituted as the defendant and the action will be governed by the FTCA. *Osborn*, 549 U.S. at 230; *see*

RUSBY LAW
36 STEWART ST.
RENO, NV 89501
(775) 409-4037

*McMillan v. Lavigne*, No. CV-20-02397-PHX-JJT, at *2-3 (D. Ariz. Sep. 9, 2021).[2]

In this case, accepting the allegations in the *pro se* Complaint and all reasonable inferences therefrom as true, the Motion must fail. Most significantly, the United States Attorney for the District of Nevada has elected to *not* issue any Westfall Certification respecting the Defendant, here. Consequently, the United States has not been substituted as the defendant. This case stands against Defendant Rose in his individual capacity, only, and the FTCA is not triggered, *ipso facto*, at this early stage of the proceedings.

Additionally, the United States Attorney is presumed to know federal law and such omission must be treated as intentional or purposeful. *Mazariegos-Diaz v. United States*, No. 2:17-CV-440 JCM (GWF), at *6 (D. Nev. Dec. 15, 2017) ("'It has been a long-standing principle of jurisprudence . . . that ignorance of the law is no excuse.' *Ruley v. Nelson* 106 F.R.D. 514, 518 (D. Nev. 1985)."); *U.S. v. Alderman*, No. CR06-0117C, at *7 (W.D. Wash. June 27, 2006) ("Generally, ignorance of the law is no excuse." *Cheek v. United States,* 498 U.S. 192, 199 (1991)."). Indeed, the sitting U.S. Attorney General Merrick Garland - as a Judge on the U.S. Court of Appeals for the District of Columbia Circuit in 2003 served on the panel in the matter of *Stokes v. Cross*, 327 F.3d 1210 (D.C. Cir. 2003), which thoroughly construed and adjudicated the Westfall Act. Arguably, then, the actual knowledge of the sitting U.S. Attorney General should be imputed to his subordinate U.S. Attorneys. Nevertheless, the Defendant is not entitled to any of the benefits or safeguards afforded by the Westfall Act because its terms and conditions have been disregarded. Therefore,

---

[2] Note, the Westfall Certification by the Attorney General as to whether the federal employee was acting within the scope of his employment is judicially reviewable (and not conclusive), for purposes of substitution. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). And, for purposes of challenging the Westfall Certification, limited discovery regarding matters surrounding the issuance of the Westfall Certification may be permitted by the District Court. See *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003) ("Accordingly, because the district court deviated from the *Kimbro* approach by essentially affording conclusive weight to the AUSA's scope-of-employment certifications and failing to consider whether [plaintiff's] allegations entitled him to discovery, we reverse. On remand, the district court shall allow Stokes to conduct at least limited discovery on the scope-of-employment issue.").

sufficient facts have been alleged or a material factual dispute exists as to whether Defendant was acting within the scope of his employment, *vel non*, at the time he engaged in the intentional torts at issue.

Recognizing the simple fact that Defendant in his Motion is mute factually regarding the "scope of his employment," Plaintiff sets forth sufficient allegations supporting the contention that Defendant acted outside of the scope of his employment. Plaintiff has alleged that the Defendant's statements were made and published "with malice and without any absolute, qualified or conditional privilege." *Id. ¶ 21*. Plaintiff has further alleged that Defendant's representations "were so outrageous … that [Defendant's] statements fall outside of any protection the law might provide to someone who comes forward with such allegations regarding an inspection that he did not personally witness." *Id. ¶ 22.* The Complaint not only alleges the absence of privilege or immunity, contextually *(see Complaint, passim)* - this Court can reasonably infer that Defendant maliciously intended to derail Plaintiff's unblemished career with the FAA[3] and cause him [Plaintiff] to be criminally punished pursuant to 18 U.S.C. § 1001 for making false statements related to the FAA "ramp inspection" in question.[4] S*ee Complaint, ¶¶ 11, 16-23, 26-30*. Such malicious misconduct is contrary to the best interest of the employer here, the FAA. *See, e.g., Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003) ("But Stokes' counsel explained that, if permitted to conduct discovery on the scope-of-employment issue, he would seek depositions of the defendants and other witnesses as well as statements they had made and memoranda they had written indicating their intent to prevent the best candidate, namely Stokes, from getting the promotion. Such evidence, he maintained, would indicate

---

[3] *See Comp*laint ¶ 6.

[4] 18 U.S.C. § 1001 ("… in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully - (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years….").

RUSBY LAW
36 STEWART ST.
RENO, NV 89501
(775) 409-4037

that they had maliciously acted contrary to their employer's interest and, therefore, outside the scope of their employment.").

### 3. Defendant has Failed to Invoke the Protections Provided by the Westfall Act and the Same are Thereby Forever Waived

It is axiomatic that the Defendant failed to comport with the Westfall Act. The United States failed to tender any Westfall Certification. The United States has failed to otherwise comport with the Westfall Act. The procedural protections potentially provided by the Westfall Act are, therefore, forever waived by, and not available to, the Defendant in this case. *See Clark v. Capital Credit Collection Serv*, 460 F.3d 1162, 1170-71 (9th Cir. 2006) ("Under the generally accepted definition, a waiver is "the voluntary relinquishment . . . — express or implied — of a legal right or advantage." *Black's Law Dictionary* 1574 (7th ed. 2004); *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). Where waivers are permissible, they are often enforced only if the waiver was "knowing" or "intelligent," which means the individual has "sufficient awareness of the relevant circumstances and likely consequences" of his decision, *Brady v. United States,* 397 U.S. 742, 748 (1970). *See generally United States v. Navarro-Botello,* 912 F.2d 318, 321 (9th Cir. 1990) ("A *knowing* and voluntary waiver of a statutory right is enforceable.") *(Emphasis supplied)*; *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir. 1994) ("A knowing and voluntary waiver is a prerequisite to our enforcement of a plea agreement waiving appellate rights."); *Leonard v. Clark,* 12 F.3d 885, 889-90 (9th Cir. 1993) ("First Amendment rights may be waived upon clear and convincing evidence that the waiver is knowing, voluntary and intelligent.").

### III. CONCLUSION

This Motion should be denied. For the reasons stated above, the FTCA is inapplicable here and its assertion is improper at this stage of the proceedings. Because the FTCA is inapposite, its administrative exhaustion requirements are inapplicable. Accordingly, the Motion to Dismiss should be denied.

Dated: August 15, 2022

                                            */s/Richard Carnell Baker*
Richard Baker, Esq. *(Pro Hac Vice)*
BAKER SIMMONS, ATTORNEYS AT LAW
800 Connecticut Avenue, N.W., Suite 300
Washington, D.C.  20006
Phone: (202) 775-0050
Fax: (202) 204-5784
Email: richardcbaker@aol.com;
baker@bakersimmonslaw.com
Counsel for Plaintiff, James Richardson


Christopher Rusby, Esq.
RUSBY LAW, PLLC
36 Stewart Street
Reno, NV 89501
Phone: (775) 409-4037
Fax: (775) 409-4036
Email: chris@rusbylaw.com
Local Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Rusby Law, PLLC and that on this date, I filed the within document through the CM/ECF system with the United States District Court, who will send notice to the following:

HOLLY A. VANCE
Assistant United States Attorney
400 S. Virginia Street, Suite 900
Reno, NV 89501
*Attorney for Defendant*

Dated:  August 15, 2022.

　　　　　　　　　　　　　　　　　　　　　/s/ Christopher Rusby