Christopher Rusby, Esq. NSB #11452
RUSBY LAW, PLLC
36 Stewart Street
Reno, Nevada 89501
(775) 409-4037
chris@rusbylaw.com
(*Local Counsel*)

Richard Carnell Baker – *Pro Hac Vice Admission*
BAKER SIMMONS, ATTORNEYS AT LAW
800 Connecticut Ave., N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 775-0050
Fax: (202) 204-5784
richardcbaker@aol.com

Attorneys for Plaintiff
JAMES RICHARDSON

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RICHARDSON,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD ROSE, DOES 1 through 10,<br><br>Defendants. | Case No.  3:22-cv-00265-MMD-CSD<br><br>**OBJECTIONS TO MAGISTRATE JUDGES ORDER [DKT. #23] COUPLED WITH MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff, James Richardson, by and through his undersigned counsel of record, hereby respectfully submits these Objections to the Order of Substitution (the "Order") [Dkt. # 23] entered by Magistrate Judge Craig S. Denney on September 21, 2022, coupled with this Memorandum of Points and Authorities.

## OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

The Magistrate Judge committed clear error or acted contrary to law in the following respects:

(1) Failing to permit this Court to adjudicate the pending Motion for Remand [Dkt. # 16] prior to entering the Order [Dkt. # 23] because the Motion for Remand challenged the Court's ability to exercise subject matter jurisdiction in this case;

(2) Disregarding the fact that the original Notice of Removal filed on June 13, 2022 (the "Notice of Removal") [Dkt.#1] is not based on the Westfall Act (28 U.S.C. §2679(d)) and has not been duly amended prior to entry of the Order;

(3) Depriving Plaintiff of his Due Process Right(s) protected by the Fifth Amendment to the U.S. Constitution to, *inter alia*, a reasonable opportunity to oppose entry of the Order, *prior to* the same being entered; or

(4) Misapprehending the Westfall Act by failing to give consideration to the fact that the scope of employment certification [Dkt. # 24-2] is judicially reviewable for purposes of substitution of parties; and, in so doing, deprived Plaintiff of the right to challenge Certification and substitution by engaging in, *inter alia*, limited discovery on the issue of scope of employment.

Each such Objection will be further discussed below.

**I.   PROCEDURAL SUMMARY**

1. On or about May 31, 2022, Plaintiff, *pro se*, filed a Complaint for Defamation against Defendant (and Does 1 through 10), in the State Court, Case No.: CV-22-00862. *See, Dkt. # 1-1, p. 2-24 (the "Complaint")*. The Complaint sets forth three (3) Counts, namely: Count I (Defamation Libel *Per Se*); Count II (Slander *Per Se*); and Count III (Intentional Infliction of Emotional Distress). *Id*.

2. According to the Complaint, both Plaintiff and Defendant are residents of Washoe County, Nevada. *Id., p. 3, ¶ 2*.

3. Furthermore, Plaintiff alleges that at all times relevant to the action, both Plaintiff and Defendant were employees of the U.S. Department of Transportation,

Federal Aviation Administration ("FAA"), serving as Aviation Safety Inspectors ("ASIs").

4. In summary, Plaintiff avers that Defendant defamed or otherwise intended to injure him by, *inter alia*, falsely and maliciously stating during the investigation of a "Hotline" complaint that Plaintiff engaged in "criminal" and other misconduct during the performance of a flight safety ramp inspection. *Id. ¶ 23*. Defendant was not present during the inspection in question, *Id. ¶ 11*, yet Defendant knowingly and repeatedly proffered "outrageous," exaggerated personal statements "unrelated to the actual investigation" designed to destroy Plaintiff's unblemished career with the FAA. *Id. ¶¶ 15-17.*

5. Plaintiff alleges that Defendant's allegations against Plaintiff "were made and published with malice and without any absolute, qualified or conditional privilege." *Id. ¶ 21*.

6. Plaintiff further alleges that Defendant's representations "were so outrageous … that [Defendant's] statements fall outside of any protection the law might provide to someone who comes forward with such allegations regarding an inspection that he did not personally witness." *Id. ¶ 22.*

7. On or about June 13, 2022, Defendant filed the Notice of Removal, solely pursuant to 28 U.S.C. § 1442(a)(1). *[See Dkt. # 1, pp. 1-2]*. In support of the Notice, Defendant states that the: (1) "'Complaint for Defamation' is directed against [Defendant], a federal Aviation Safety Inspector with the Federal Aviation Administration, in a civil action pending in…" the State Court; (2) "'Complaint for Defamation' is one that may be removed without bond to this Court pursuant to Section 1442(a)(1) for the reason that Plaintiff has filed a civil action in state court against an officer or an agency of the United States relating to an act under color of such office at the time of the alleged events. *See*, 28 U.S.C. § 1442(a)(1) (a civil action commenced in state court that is against or directed to any officer of an agency of the United States relating to any act under color of such office may be removed to the District Court of the United States)."

8. On August 15, 2022, Plaintiff filed his: (a) Motion to Remand *[Dkt. #16]*

1  ("Motion") challenging, *inter alia*, this Court's subject matter jurisdiction; and (b) Opposition to Motion to Dismiss.

3      9.    It is undisputed that Defendant did not amend its Notice of Removal or Motion to Dismiss upon the Westfall Act. *See Notice of Removal [Dkt. # 1]; see also Motion to Dismiss [Dkt. # 5].*

6      10.    On September 21, 2022, Defendant filed a flurry of pleadings: (a) Reply in Support of Motion to Dismiss Complaint for Defamation ("Reply to Motion to Dismiss") [Dkt. # 20]; (b) Notice of Substitution of Parties ("Notice of Substitution") [Dkt. # 21]; (c) Motion to Update Case Caption and Docket Sheet ("Motion to Update Caption") [Dkt. # 22]; and (d) Opposition to Motion to Remand ("Opp. to Motion to Remand") [Dkt. # 24]. In those four (4) pleadings, Defendant mentioned for the very first time on this record the Westfall Act. *See, Reply to Motion to Dismiss [Dkt. # 20]; Notice of Substitution [Dkt. # 21]; Motion to Update Caption [Dkt. # 22]; and Opp. to Motion to Remand [Dkt. # 24]*.

14      11.    On September 21, 2022, Magistrate Judge Denney, without prior notice to the undersigned counsel for Plaintiff, entered the Order of Substitution [Dkt. # 23]. The minutes regarding the order states in relevant part:

> The Court having been notified that the United States Attorney for the District of Nevada has certified that Aviation Safety Inspector Gerald W. Rose was acting within the scope of federal employment at the time of the events alleged in the complaint, and the Court having been apprised of the substitution of the United States as Defendant in the complaint by operation of law under 28 U.S.C. § 2679(d)(1),
>
> IT IS HEREBY ORDERED that under 28 U.S.C. §§ 2679(b)(1) and (d)(1), Defendant Gerald W. Rose is dismissed from this action on the grounds that the exclusive remedy for such claims is an action against the United States.
>
> IT IS FURTHER ORDERED that the United States of America is substituted as Defendant in this case.
>
> IT IS FURTHER ORDERED that the case caption is amended as shown

RUSBY LAW
36 STEWART ST.
RENO, NV 89501
(775) 409-4037

- 4 -

in this Order to reflect the substitution of the United States as Defendant in place of Gerald W. Rose.

12. On October 3, 2022, Plaintiff timely filed his Reply [Dkt. # 25] to Defendant's Opp. to Motion to Remand. In his Reply, Plaintiff contended:

> Plaintiff's Motion to Remand was timely filed and not subject to any waiver contention because he raised lack of "subject matter jurisdiction" as the basis for remand pursuant to 28 U.S.C. § 1446(a); (2) Defendant's effort to unilaterally "amend" the *original* Notice of Removal (the "Notice of Removal") [Dkt. # 1] fails for at least two (2) reasons: (a) no motion for leave to amend the Notice of Removal has been filed pursuant to Rule 15(a) of the Fed. R. Civ. Pro. and granted; and (b) even if filed, leave to amend should be denied as futile because the Defendant failed to seek leave within the 30 day limitation set forth in *28 U.S.C. § 1442*. *See O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) (the notice cannot be amended to add a separate "basis," etc. for removal jurisdiction after the thirty day period); (3) Rose's "Declaration" lacks any evidentiary effect because it is self-serving, contains inadmissible hearsay and is otherwise inadmissible or immaterial.

Id., p. 1-2.

## II. ARGUMENT

### A. Entry of the Order of Substitution on this Record was Clearly Erroneous or Contrary to Law; therefore, it Should be Vacated by the District Judge

#### 1. Standard of Review

Local Rule IB 3-1 (a), states in relevant part:

> A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law. Any party wishing to object to the magistrate judge's order on a pretrial matter must file and serve specific written objections. The deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order.

*Id.; see also 28 U.S.C. § 636(b)(1)(A)* ("A judge of the court may reconsider any pretrial

matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007); *Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-cv-01064-MMD-PAL, at *3 (D. Nev. Dec. 9, 2013).

**2.    The Order was Erroneously entered in the Face of the Unadjudicated Motion for Remand on Lack of Subject Matter Jurisdiction Grounds**

The Magistrate Judge made a "rush to judgment." The Magistrate Judge should have allowed the Motion for Remand to be adjudicated prior to entertaining Defendant's request to enter the Order because the Motion for Remand [Dkt. # 16] challenged the Court's ability to exercise subject matter jurisdiction in this case. S*ee, Thee Sombrero, Inc. v. Murphy*, EDCV 15-001004-VAP (SPx), at *1 (C.D. Cal. July 17, 2015) ("Motions to remand take precedence over other pending motions because they deal with a court's jurisdiction; *see also, Kromer v. McNabb,* 308 F.2d 863, 865 (10th Cir. 1962)"); *Toumajian v. Frailey,* 135 F.3d 648, 652 (9th Cir. 1998) ("In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction — that is the power — to adjudicate the dispute."); *United Investors Life Ins. v. Waddell Reed*, 360 F.3d 960, 967 (9th Cir. 2004) ("… the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

If a court grants the motion to remand, it leaves the disposition of the pending motions to the state court. *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case."); *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("[W]e have held that a judge ordering a dismissal

RUSBY LAW
36 STEWART ST.
RENO, NV 89501
(775) 409-4037

based upon lack of subject matter jurisdiction retains no power to make judgments relating to the merits of the case.").

The late Justice Antoin Scalia, in *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998), put it this way:

> *Without jurisdiction the court cannot proceed at all in any cause.* Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' *Ex parte McCardle*, 7 Wall. 506, 514 (1869). 'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.' *Great Southern Fire Proof Hotel Co*. v. *Jones*, *supra*, at 453. The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' *Mansfield, C. L.M.R. Co*. v. *Swan*, 111 U.S. 379, 382 (1884).

*Id. (Emphasis added).*; *see also, Toumajian,* 135 F.3d at 657 ("Therefore, the district court erred when it failed to consider the question of subject matter jurisdiction [within the context of the motion to remand] and erred when it dismissed Toumajian's original Complaint. Because subject matter jurisdiction is lacking this action must be remanded to the California Superior Court.").

Here, the Magistrate Judge committed a significant, fundamental error. The Court did not determine whether it had subject matter jurisdiction, *vel non*, prior to the Magistrate Judge's entry of the Order. The Order not only "dismissed" Rose as the Defendant, but, *inter alia*, substituted the United States "on the grounds that the exclusive remedy for such claims is an action against the United States." *See, Order [Dkt. # 23]*. This Court was obliged to ascertain jurisdiction as a "threshold matter" before taking any other substantive action based upon the nature and limits of its judicial power. In fact, the Magistrate Judge had no discretion in this respect, because the requirement of *first*

determining subject matter jurisdiction is and has been "inflexible and without exception" in American Jurisprudence since 1884. The Magistrate Judge's Order is not only clearly erroneous, but directly contrary to well-established jurisprudence.[1]

### 3. The Magistrate Judge Ignored the Fact that the Notice of Removal was not based upon the Westfall Act and was Never Duly Amended

In entertaining Defendant's Notice of Substitution and Motion to Update, the Magistrate Judge never gave any consideration to the fact that Notice of Removal [Dkt. # 1] is not based upon the Westfall Act. *See Defendant's Opp. to Motion to Remand, p. 7 ("Defendant did not remove the case under 2679(d)(2), the provision that allows removal based on a scope-of-employment certification." [citation omitted])*. Stated differently, before Defendant may request substitution of the United States for Mr. Rose pursuant to the Westfall Act, the Notice of Removal must be amended because it was based upon 28 U.S.C. § 1442(a)(1); and not 28 U.S.C. §2679(d)(2). *See Notice of Removal [Dkt. # 1]*.

Amendment of the Notice of Removal requires leave of Court. *See Fed. R. Civ. Pro. Rule 15(a)(2)*. Rule 15(a)(2) of the Fed. R. Civ. Pro. mandates: "... a party may amend its pleading *only* with the opposing party's written consent or the court's leave…." *Id*. (emphasis added).

The District Court's ruling in *Underhill v. Sherwin-Williams Company*, No. CIV 06-234 PHX RCB, at *5-6 (D. Ariz. Aug. 24, 2006) is instructive. There, the Defendant failed to seek leave of court before attempting to amend its original notice of removal. Granting the motion to remand, the Court noted:

> However, they have not sought leave to amend their original petition. Moreover, even if they had moved for leave to amend, Defendants' manner of presenting the proposed amendment as an exhibit to their response, without "indicat[ing] in what respect it differs from" the original petition does not comply with the Local

---

[1] Plaintiff also complains because the Magistrate Judge failed to afford Plaintiff an opportunity to oppose the Motion to Update [Dkt.#22], before entering the Order. Plaintiff's Due Process Rights were therefore manifestly violated, which is another assignment of error.

> Rules of Practice. *See*, LRCiv 15(a)(1)-(2). In view of the original petition's defect, and Defendants' failure to cure by way of a timely and properly amended petition, Plaintiff's Motion to Remand (doc. # 8) will be granted.

*Id.*

Defendant, here, has *not* complied with Fed. R. Civ. Pro. 15(a) or LR 15-1(a). Defendant never sought or secured leave of Court to file an amended Notice of Removal to reflect removal of the case based upon the Westfall Act. Recognizing the material defects in its Notice of Removal, Defendant three (3) months later erroneously attempted to "amend" its Notice of Removal by "osmosis." *See Opp. to Motion to Remand, pp. 2, 5-7. [Dkt. # 24]*. Defendant's argument that its Notice of Removal has been or should be deemed "amended" without complying with governing rules of court is fundamentally flawed. Defendant has not filed any motion pursuant to Fed. R. Civ. Pro. 15(a). Defendant has not complied, or attempted to comply, with LR 15-1(a), which mandates:

> Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.

*Id.*

Because Defendant has complied with *neither* Fed. R. Civ. Pro. 15(a) nor LR 15-1(a), any reference to the Notice of Removal being "amended" or "treated as amended" should be disregarded or stricken from this record. If Defendant were permitted to proceed in stark violation of the Federal and Local Rules, Plaintiff's Due Process Rights would be transgressed and the same would constitute a miscarriage of justice.

Moreover, any effort by Defendant to properly attempt to amend the Notice of Removal should be barred. If Defendant attempts to file a motion for leave to amend its Notice of Removal, such motion should be rejected as futile because it is untimely. The U.S. Supreme Court, in construing Rule 15(a) of the Fed. R. Civ. Pro., has ruled that leave to amend should be denied based upon the "futility of [the] amendment, etc." *Foman v.*

1  *Davis*, 371 U.S. 178, 182 (1962).  Indeed, the Ninth Circuit has held that substantive
2  amendments of removal petitions after the thirty-day removal period under 28 U.S.C. §
3  1442 has passed are prohibited.  *See, O'Halloran v. Univ. of Washington*, 856 F.2d 1375,
4  1381 (9th Cir. 1988) (the notice cannot be amended to add a separate "basis" for removal
5  jurisdiction after the thirty day period); *Barrow Dev. Co. v. Fulton, Ins*., 418 F.2d 316, 317
6  (9th Cir. 1969) (notice of removal can be amended after § 1442's 30 day period only where
7  the defendant seeks to correct defects in form but not to add allegations of substance);
8  *Hill Phys. Med. Group v. Pacificare of California*, No. C 01-03 18 SI, at *1 (N.D. Cal. Apr. 23,
9  2001) (granting motion to remand where after plaintiff filed his motion to remand,
10 defendant filed a motion for leave to amend notice of removal to specify a new,
11 substantive ground for removal: preemption under the Medicare Act); *Rodgers v. Travelers
12 Property Casualty Company of America*, 3:07-CV-00619-RAM, at *4 (D. Nev. Aug. 22, 2008)
13 ("After the thirty-day removal period, case law indicates that the notice may be amended
14 "only to set out more specifically the grounds for removal that already have been stated,
15 albeit imperfectly, in the original notice." C. Wright, A. Miller M. Kane, Federal Practice
16 Procedure § 3733 at 358 (3d ed. 1998). ").

17      Here, if Defendant were to file a proper motion for leave to amend, it should be
18 denied as untimely or otherwise impermissible.  The Notice of Removal was filed on June
19 13, 2022 [Dkt. # 1].  Defendant's Opposition to the Motion for Remand was filed on
20 September 21, 2022, over three (3) months later [Dkt. # 24] - well outside the 30 day
21 limitation period.

22      Additionally, the proposed "amendments" to the Notice of Removal would entirely
23 restructure and totally transform the Notice of Removal.  Such an amendment would seek
24 to *substantively* amend the Notice of Removal to not only add new material facts (*see* Decl.
25 of Holly A. Vance dated 9/21/2022 [Dkt. # 24-1]; "Scope of Employment Certification" of
26 Jason M. Frierson dated 9/8/2022 [Dkt. # 24-2]; and Decl. of Gerald Rose dated 9/21/2022
27 [Dkt. #24-3]), but substitute an entirely different federal statute as the basis for the original
28 removal (i.e, 28 U.S.C. § 1442(a)(1) with 28 U.S.C. §2679(d)(2)). Under the circumstances,

any motion for leave to amend the Notice of Removal (or effort to amend the same) is futile, fundamentally belated, and improper.[2]

### 4. The Magistrate Judge Deprived Plaintiff of his Due Process Right(s) Protected by the 5th Amendment to the U.S. Constitutional to Oppose Entry of the Order

The Magistrate Judge deprived Plaintiff of his right to oppose entry of the Order as well as the Motion to Update [Dkt. # 22]. Local Rule 7-2(b) states: "... the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." Here, the Order [Dkt. # 23] was literally entered by the Magistrate Judge within minutes of Defendant's filing of the proposed Order, Notice of Substitution [Dkt. # 21] and Motion to Update [Dkt. # 22]. Plaintiff was not afforded any reasonable opportunity to oppose entry of the Order, prior to the same being entered. Such deprivation violated Plaintiff's Due Process Rights protected by the Fifth Amendment to the U.S. Constitution. *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 313 (1950) (due process requires notice and an opportunity to be heard); *Grannis* v. *Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Penrose v. Quality Loan Serv. Corp.*, No. 3:19-cv-00027-MMD-CBC, at *2 (D. Nev. June 14, 2019) ("First, to be compliant with the requirements of due process the court must provide the litigant "an opportunity to oppose the order [regarding pre-filing restrictions] before it is entered."); *Puckrein v. Jenkins*, 884 A.2d 46, 52 (D.C. 2005) ("This court has held that the failure to afford a party an opportunity to respond to motions as

---

[2] Defendant's reliance on *Willingham v. Morgan*, 395 U.S. 402, 406-408 (1969) is misplaced. In its Opposition on p. 2, 5-7, the Defendant relies heavily upon *Willingham,* 395 U.S. at 406-408 to suggest that this Court should give Defendant a "pass" and allow it to amend its Notice of Removal without seeking leave of court. However, that argument, for the reasons stated above, should be rejected. Also, at fn. 3 of *Willingham*, Justice Marshall expressly notes that the affidavits of the federal employees (submitted at summary judgment) constituted "material [that] *should have* appeared in the petition for removal." *Id. at 408, fn. 3*. (Emphasis supplied). Therefore, *Willingham* does *not* stand for the proposition that original notices of removal can or should be freely amended without compliance with Fed. Civ. R. 15(a), governing local rules and binding legal precedent.

provided for by the court rules denies that party due process…."); *Grier v. Rowland*, 409 A.2d 205, 207 (D.C. 1979) (reversing denial of a motion to reinstate where violations of court rules denied appellants an opportunity to oppose a motion to compel and comply with an order of court, "thus denying appellants due process of law."). A greater violation of Plaintiff's Due Process Rights may hardly be fathomed.

### 5. The Magistrate Judge Failed to Give any Consideration to the Fact that the Certification is Judicially Reviewable for Purposes of Substitution; and, in so doing, Deprived Plaintiff of the Right to Challenge the Substitution

The Magistrate Judge gave no consideration to the law providing for judicial review of the Certification by U.S. Attorney Frierson. [Dkt. #24-2]. It is well-settled that the certification by the U.S. Attorney or Attorney General as to whether the federal employee was acting within the scope of his employment is judicially reviewable, for purposes of substitution. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435-437 (1995); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). The Magistrate Judge should have afforded Plaintiff the opportunity to challenge the Certification prior entering the Order, or inquired of Plaintiff as to whether he intended on challenging the Certification. *Gutierrez De Martinez*, 515 U.S. at 436-37 (1995) ("The statute is fairly construed to allow petitioners to present to the District Court their objections to the Attorney General's scope-of-employment certification, and we hold that construction the more persuasive one."). Instead, the Magistrate Judge misapprehended the Westfall Act by treating the Certification as "conclusive" for purposes of substitution.[3]  See *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003) ("Accordingly, because the district court deviated from the

---

[3] District courts occasionally conflate the law governing evaluation of a Westfall Certification for removal purposes in an ordinary case versus for substitution purposes. While a Westfall Certification is typically conclusive for purposes of removal, see 28 U.S.C. § 2679(2), it is *not* conclusive for purposes of substitution and subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435-437 (1995); *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003). In this case, however, because the Notice of Removal [Dkt. # 1]: (1) does not hinge upon or even reference the Westfall Act; (2) does not attach or reference any Certification; and (3) has not been properly amended, the conclusive effect for removal purposes does not apply in this case.

*Kimbro* approach by essentially affording conclusive weight to the AUSA's scope-of-employment certifications and failing to consider whether Stokes' allegations entitled him to discovery, we reverse. On remand, the district court shall allow Stokes to conduct at least limited discovery on the scope-of-employment issue."). In this case, like the District Judge in *Stokes v. Cross,* the Magistrate Judge deprived Plaintiff of his right to challenge the Certification and, therefore, committed a clear error or acted contrary to the law.

Plaintiff in fact challenges the belatedly filed Certification [Dkt. #20-2/Dkt. #24-2]. If a party seeks to challenge the certification, that party must "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). The challenging party bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny the certification by a preponderance of the evidence. *Id.* (*quoting Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)). Because the plaintiff cannot discharge this burden without some opportunity for discovery, the district court may permit limited discovery and hold an evidentiary hearing to resolve a material factual dispute regarding the scope of the defendant's employment. *See e.g., Singleton v. United States,* 277 F.3d 864, 870-71 (6th Cir. 2002); *Taboas v. Mlynczak,* 149 F.3d 576, 580-81 (7th Cir. 1998); *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) ("to obtain discovery and an evidentiary hearing, Stokes need only have alleged sufficient facts that, taken as true, would establish that the defendants' actions exceeded the scope of their employment. ").

When "determining whether a federal officer's actions fall within 'the scope of his office or employment' for purposes of the Westfall Act, we apply 'the principles of *respondeat superior* of the state in which the alleged tort occurred.'" *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) (citing *Pelletier v. Fed. Home Loan Bank*, 968 F.2d 865, 876 (9th Cir. 1992).

Here, the intentional torts occurred in Reno, Nevada. In the Complaint, Plaintiff alleges that "the events that gave rise to this Complaint have occurred in Washoe

County…." *[Dkt. # 1-1, p. 3-4, paras. 4, 5, 7.]* Plaintiff and Defendant Rose worked at the Reno Flight Standards Office during the time period in question. *[Dkt. # 1-1, p. 4 of 24, paras. 5, 7.]* Reno, Nevada was Plaintiff and Defendant's duty station at all time relevant to this action. *Id.* Therefore, the principles of *respondeat superior* as they exist in the State of Nevada govern the scope of employment analysis.

Under Nevada law, *respondeat superior* "liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment." *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1223 (Nev. 1997) (*citing* Molino v. Asher, 96 Nev. 814, 817, 618 P.2d 878, 879 (1980)). Therefore, an actionable claim on a theory of respondeat superior requires proof that (1) the actor at issue was an employee, and (2) the action complained of occurred within the scope of the actor's employment. However, the Supreme Court of Nevada has held that "for an employer to be liable for the intentional tort of an employee, that tort must occur within the scope of the task assigned to the employee. *Rockwell*, 112 Nev. at 1225-26 (*citing Prell Hotel Corp. v. Antonacci*, 86 Nev. 390, 391, 469 P.2d 399, 400 (1970)). If the "employee's tort is truly an independent venture of his own and not committed in the course of the very task assigned to him, the employer is not liable." *Prell Hotel Corp.*, 86 Nev. at 391; *see also, J.C. Penney Co. v. Gravelle*, 62 Nev. 434, 449-50, 155 P.2d 477, 481-82 (1944) (concluding that an on-duty security guard acted outside the scope of his employment when he punched Gravelle because Gravelle had prevented the guard from catching a shoplifter; the guard's acts were done to punish Gravelle for his interference and not in order to catch the thief or to retrieve the stolen merchandise, and the guard's actions were clearly disconnected from the line of his duty to his employer).

Here, Plaintiff's allegations are sufficient to warrant limited discovery on the issue of scope of employment. First, the fact that the Government did not issue the Certification until some 90 days after it entered its appearance in this case for Defendant Rose raises a factual question. Second, Plaintiff alleged in his Complaint that Defendant Rose' actions were part of a self-serving, independent venture of his own and not committed in the

course of any task assigned to him. Rose was further not present during the ramp inspection at issue. *See, Complaint [Dkt.#1-1, p. 4, ln. 17-18].* Rose intended to punish Plaintiff by repeatedly and falsely representing to the investigator that Plaintiff: (a) had an "ax" to grind against NDOT; (b) a "let's go get them [NDOT] attitude"; (c ) "aren't telling management the whole truth … they both have agendas/vendettas"; (d) "these guys have something against me and management"; and (e) used colleagues Professional Aviation Inspection Specialists ("PASS") Morgan and Varva "to fight management over [Rose's] [GS] 14 position with FAA." *See Complaint [Dkt.#1-1, pp. 5-6].* Rose personally sought to destroy Plaintiff's FAA career, or stop Plaintiff from competing for Rose's GS-14 position or some other promotion. Third, Plaintiff alleged that Rose's false statements were "made and published with malice and without an absolute, qualified or conditional privilege" and that Rose accused Plaintiff of a crime. *Id. [Dkt.#1-1, pp. 6-7].* Fourth, if Rose's statements are proven to be knowingly false, he [Rose] could have committed a crime under 18 U.S.C. § 1001. Rose was acting solely for himself (and not the FAA), when he made the defamatory statements, which were outside the scope of his employment. *See Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003) ("But Stokes' counsel explained that, if permitted to conduct discovery on the scope-of-employment issue, he would seek depositions of the defendants and other witnesses as well as statements they had made and memoranda they had written indicating their intent to prevent the best candidate, namely Stokes, from getting the promotion. Such evidence, he maintained, would indicate that they had maliciously acted contrary to their employer's interest and, therefore, outside the scope of their employment."). Because scope of employment is disputed, Plaintiff should be therefore entitled to engage in limited discovery on that issue.

The Magistrate Judge, again, deprived Plaintiff of his Due Process Rights to challenge the Certification and resultant substitution of the United States, by *inter alia*, engaging in limited discovery, prior to entering the same.

///

///

III. **<u>CONCLUSION</u>**

For the foregoing reasons, the Magistrate Judge's Order must be vacated, because several clear errors were committed.

Dated: October 5, 2022

*/s/Richard Carnell Baker*
Richard Baker, Esq. *(Pro Hac Vice)*
BAKER SIMMONS, ATTORNEYS AT LAW
800 Connecticut Avenue, N.W., Suite 300
Washington, D.C.  20006
Phone: (202) 775-0050
Fax: (202) 204-5784
Email: richardcbaker@aol.com;
baker@bakersimmonslaw.com
Counsel for Plaintiff, James Richardson


Christopher Rusby, Esq.
RUSBY LAW, PLLC
36 Stewart Street
Reno, NV 89501
Phone: (775) 409-4037
Fax: (775) 409-4036
Email: chris@rusbylaw.com
Local Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Rusby Law, PLLC and that on this date, I filed the within document through the CM/ECF system with the United States District Court, who will send notice to the following:

HOLLY A. VANCE
Assistant United States Attorney
400 S. Virginia Street, Suite 900
Reno, NV 89501
*Attorney for Defendant*

Dated:  October 5, 2022.

　　　　　　　　　　　　　　　　　　　　　　/s/ Christopher Rusby

RUSBY LAW
36 STEWART ST.
RENO, NV 89501
(775) 409-4037