UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES RICHARDSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 3:22-cv-00265-MMD-CSD

ORDER

## I. SUMMARY

Plaintiff James Richardson sued Defendant Gerald W. Rose in Nevada state court for making defamatory statements during his interview for a Federal Aviation Administration ("FAA") investigation against Richardson. (ECF No. 1-1.) Rose subsequently removed this action under 28 U.S.C. § 1442(a)(1). (ECF No. 1.) Before the Court are Rose's motion to dismiss (ECF No. 5) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), Richardson's motion to remand (ECF No. 16), and Richardson's objection to U.S. Magistrate Judge Craig S. Denney's order granting substitution of the United States as Defendant (ECF Nos. 23, 26).[1] Because the Court has jurisdiction under 28 U.S.C. § 1442 and the Federal Employees Liability Reform and Tort Compensation Act ("Westfall Act"), because Rose was acting within the scope of his employment and substitution is appropriate, and because intentional torts are excepted under the Westfall Act, the Court will deny the motion to remand, overrule Richardson's objection, and dismiss the case.

[1]The parties filed responses and replies to both motions. (ECF Nos. 17, 20, 24, 25.) As to the issue of substitution, Richardson filed an opposition to the United States' notice of substitution and objected to Judge Denney's order granting substitution. (ECF Nos. 21, 26, 27.) The United States then responded to Richardson's objection/opposition. (ECF Nos. 29, 30.)

## II. BACKGROUND[2]

Richardson is an aviation safety inspector at FAA's Reno Flight Standards Office and was under investigation for non-compliance during a ramp inspection he conducted. (ECF No. 1-1 at 4.) Rose, a FAA aviation safety inspector in the same office, was instructed by his supervisor, Harold J. Jones, to cooperate with the investigation against Richardson. (ECF No. 20-3 at 1-2.) Rose participated in an interview with Mark Kosco, the investigator assigned to Richardson's case, on May 5, 2020. (ECF No. 1-1 at 4.) Rose allegedly made defamatory statements against Richardson during the interview. (*Id*. at 4-8.) Richardson claims that Rose's "false" statements were "not supported by facts," "simply his opinion," not related to the investigation, and contributed to his three-day suspension. (*Id*. at 5-6.)

Richardson filed a *pro se* Complaint in the Second Judicial District Court of the State of Nevada and asserts the following claims against Rose: (1) defamation (libel *per se*), (2) defamation (slander *per se*), and (3) intentional infliction of emotional distress. (*Id*. at 4-9.) Rose, who is represented by the U.S. Attorney's Office, removed the case under 28 U.S.C. § 1442(a)(1) and filed a motion to dismiss and a notice of substitution. (ECF Nos. 1, 5, 21.) Richardson subsequently retained counsel and filed a motion to remand. (ECF Nos. 12, 16.)

## III. DISCUSSION

The Court will first deny Richardson's motion to remand because the Court has jurisdiction under 28 U.S.C. § 1442 and the Westfall Act. The Court will then overrule Richardson's objection, grant substitution of the United States as Defendant, and dismiss Rose because Rose was acting within the scope of his employment, certification was proper, and Rose has absolute immunity. Finally, the Court will grant dismissal because the intentional torts in this case are excepted by the Westfall Act and Richardson failed to allege that he exhausted his administrative remedies.

---

[2]The following allegations are adapted from the Complaint and Rose's declaration. (ECF Nos. 1, 1-1, 20-3.)

### A. Jurisdiction Under 28 U.S.C. § 1442[3]

As a threshold matter, the Court must establish its jurisdiction to preside over the case. Richardson argues that the Court lacks jurisdiction because (1) Rose failed to provide any affidavits or evidence to support removal, and (2) Rose failed to invoke the Westfall Act in the removal petition and thus "forever" waived its protections. (ECF No. 16 at 3-8.) Rose counters in part that he has cured any defects through his subsequent briefs, and he has met the requisite requirements for jurisdiction under 28 U.S.C. § 1442(a)(1). The Court agrees with Rose.

The Court is unpersuaded by Richardson's first argument. To the extent the petition lacks factual support and contains conclusory statements, Rose has cured the defects through his subsequent filings and request to amend. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (noting that "a defendant may amend the Notice of Removal *after* the thirty day window has closed to correct a defective allegation of jurisdiction") (emphasis added and quotation marks omitted). Rose amended[4] his removal petition in subsequent filings to clarify his participation in the investigation and correct defective allegations of jurisdiction under § 1442(a)(1).[5] (ECF Nos. 20, 20-2, 24, 24-3.) However, even if such amendment

---

[3]28 U.S.C. § 1442(a)(1) permits removal of a case against a person "acting under" the color of his office if the individual demonstrates "(a) [he] is a person within the meaning of the statute; (b) there is a causal nexus between [his] actions, taken pursuant to a federal officer's directions, and [the] plaintiff's claims; and (c) [he] can assert a colorable federal defense." *See Cnty. of San Mateo v. Chevron Corp*., 32 F.4th 733, 755 (9th Cir. 2022) (citations and quotation marks omitted).

[4]Richardson also argues that Rose's amendments should be stricken because Rose failed to follow procedure and comply with governing local and federal rules regarding requests for leave to amend. (ECF No. 25 at 5.) Although Rose failed to comply with these rules, the Court declines to strike the amendments because Rose has nonetheless met the requisite factors under § 1442(a)(1) and jurisdiction remains proper under the statute.

[5]To be clear, the Court is not permitting Rose to amend and assert an entirely separate and alternative basis for removal, as Ninth Circuit case law forecloses this option. S*ee O'Halloran v. Univ. of Wash*., 856 F.2d 1375, 1381 (9th Cir. 1988); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Evntl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000). The Court is merely allowing Rose to clarify existing grounds and allegations for removal under § 1442(a)(1) in his original removal petition.

was not permitted, Richardson's Complaint and attached exhibits[6] from the state record sufficiently subsidize and clarify certain allegations in the removal petition. (ECF Nos. 1, 1-1.) *See id*. (noting that "[i]n determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings for omitted jurisdictional facts") (citation and quotation marks omitted).

In light of the amendments and attached state record, the Court finds that Rose has met the requisite factors for jurisdiction under § 1442(a)(1). When liberally construed in favor of removal, Rose demonstrated that he was acting under color of office. *See Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1252 (9th Cir. 2006) (explaining that "when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal") (citation omitted); *Cnty. of San Mateo v. Chevron Corp*., 32 F.4th 733, 755 (9th Cir. 2022) (citations and quotation marks omitted).

First, Rose was directed by his supervisor to participate in the interview against Richardson and his responses were based on his expertise as a FAA aviation safety inspector. (ECF Nos. 1-1, 20-3 at 2, 24 at 5.) Second, Rose's comments were within the scope of the investigation and pertained to Richardson's conduct and the motivations behind his conduct during the ramp inspection. (ECF Nos. 1, 1-1, 24 at 5.) *See Chevron*, 32 F.4th at 755 (citations omitted). There is also a causal nexus because Rose's responses in the interview serve as the basis for Richardson's defamation claims against him. (ECF Nos. 1-1 at 4-8, 20-3 at 2, 24 at 5.) *See id*. Finally, because Rose appears to be acting under color of office, he may raise a federal immunity defense. (ECF Nos. 1-1 at 4, 20-3 at 2, 24 at 5.) Accordingly, Rose has met the necessary factors under § 1442(a)(1) and jurisdiction is proper.

The Court is also unpersuaded by Rose's second argument that remand is necessary because Rose failed to invoke the Westfall Act in the removal petition and thus

[6]The exhibits include a transcript of Rose's responses during the interview, a supplement with Rose's additions and clarifications of his responses, and Wyatt Seeger's memo regarding Richardson's three-day suspension. (ECF No. 1-1.)

"forever" relinquished the Act's protections. To start, Rose specifically removed the case under § 1442(a)(1), which is broader than the Westfall Act. (ECF No. 1.) Section 1442 broadly authorizes removal for individuals acting under color of federal office, while the Westfall Act is restricted to torts by federal officers. *See Osborn v. Haley*, 549 U.S. 225, 229 (2007); *Chevron*, 32 F.4th at 755. As explained above, the Court already found that Rose met the requisite factors for jurisdiction under § 1442(a)(1).

Next, Richardson provides no binding case law that requires invocation of both § 1442(a)(1) *and* the Westfall Act in the removal petition, that bars the filing of a scope of employment certification under the Act after removal, that bars the Act's protections if the statute is not initially raised in the petition, and that bars an independent finding of jurisdiction under the Act by this Court based on the face of the Complaint. (ECF Nos. 16, 25.) To the contrary, there are persuasive district court cases where removal was solely under § 1442 and Westfall Act protections and substitution were later invoked. *See Murphy v. Wedan*, Case No. 3:21-cv-05707-BHS, 2022 WL 3018256, at *1-*3 (W.D. Wash. July 29, 2022); *Graebner v. U.S.*, Case No. 2:22-cv-00109-DWM, 2022 WL 7127708, at *3 (E.D. Wash. Oct. 12, 2022).

In sum, the defects in Rose's removal petition are cured, and jurisdiction is proper under § 1442(a)(1) because Rose demonstrated the requisite factors. For these reasons, the Court denies Richardson's motion to remand.

**B. Jurisdiction Under Westfall Act**

Alternatively, the Court also has federal question jurisdiction under the Westfall Act.[7] A federal court "may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (citation omitted); *see also Oakland Int'l Hous. Partners, L.P. v. Powell*,

[7]Although the case was removed under § 1442(a)(1), the Court will also make an independent and separate determination of jurisdiction from the face of Richardson's Complaint. (ECF Nos. 1, 1-1.) *See Nevada*, 672 F.3d at 673; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Case No. 19-cv-01433-LB, 2019 WL 2183375, at *1 (N.D. Cal. Mar. 20, 2019) (a "federal court has an independent duty to ascertain its jurisdiction") (citations omitted).

From the face of the Complaint, Richardson is suing Rose, a federal employee, for defamatory comments he made during an interview with Mark Kosco, who was investigating Richardson for a "Hotline" complaint about a ramp inspection. (ECF No. 1-1.) *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint") (citation omitted). Although disputed, Rose appeared to be acting within the scope of his employment, since Rose's statements pertained to the FAA investigation against Richardson, and he was answering in his capacity as a FAA aviation inspector. (*Id.*) More importantly, whether a federal employee was acting within the scope of his employment raises a significant federal question in and of itself. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) (citations omitted). Because the Westfall Act "was designed to assure that this question could be aired in a federal forum" and provides the "exclusive remedy" for torts by federal employees, the Court also has federal question jurisdiction under the Act. *See id*. at 425, 435. The Court therefore denies Richardson's motion to remand on this basis as well.

### C. Substitution Under Westfall Act & Review of Scope-of-Employment Certification

Next, Richardson objects to the substitution of the United States as Defendant under the Westfall Act and the dismissal of Rose from the lawsuit. (ECF Nos. 23, 26.) Richardson specifically argues that substitution was improper because (1) Rose's removal petition did not invoke the Westfall Act, and (2) Judge Denney's order was premature since the motion to remand was pending and Richardson did not have an opportunity to file a response or opposition to the substitution. (ECF No. 26 at 6-15.) The United States[8] counters, in part, that the substitution was proper because Rose was

[8]Richardson filed his objection after the United States was formally substituted as Defendant in this case. (ECF Nos. 23, 26.) Judge Denney's order granting substitution

acting within the scope of his employment. (ECF No. 29 at 3-9.) The Court agrees with the United States.

The Westfall Act provides federal employees with "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn*, 549 U.S. at 229. The Act "empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id*. at 229-30. The Attorney General's decision for certification "is conclusive unless challenged." *Saleh v. Bush*, 848 F.3d 880, 889 (9th 2017) (citation omitted). If challenged, the certification and allegations of conduct outside scope of employment are subject to judicial review. *See Osborn*, 549 U.S. at 247. "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Saleh*, 848 F.3d at 889 (citation omitted). The party must "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Id*. (citations omitted). Failure to rebut results in dismissal of the employee and substitution of the United States as the defendant in place of the employee. *See id*.

For Richardson's first argument, the Court has already found that explicit invocation of the Westfall Act is not necessary in the removal petition. As explained above, Rose has demonstrated a broader basis for jurisdiction under § 1442(a)(1), the Court has independently found federal question jurisdiction under the Westfall Act based on the face of Richardson's Complaint, and Richardson has failed to provide binding case law that

---

was issued the same day that the United States filed its Notice of Substitution and Motion to Update Case Caption. (ECF Nos. 21, 22, 23.) Richardson also directly opposed the Notice of Substitution after Judge Denney issued his order (ECF No. 27.) Richardson's opposition (ECF No. 27) is almost identical to his objection (ECF No. 26) to Judge Denney's order.

mandates invocation of the Act at removal or bars certification under the Act after removal.[9] Richardson's objection to substitution is therefore overruled on this basis.

Second, to the extent Judge Denney's order was premature, it is cured by the Court's present review of Richardson's objections and the U.S. Attorney's certification. In determining whether an employee's acts fell within the scope of employment, the Court applies "the principles of *respondeat superior* of the state in which the alleged tort occurred." *Saleh*, 848 F.3d at 889 (citation omitted). Nevada law[10] applies in this case because the intentional torts giving rise to the lawsuit occurred in Washoe County, Nevada. (ECF No. 1-1 at 3.) In reviewing the evidence submitted by Richardson,[11] the Court finds he failed to show, by a preponderance of the evidence, that Rose's conduct fell outside the scope of his employment. *See id*.

To start, Richardson argues that Rose's actions were "part of a self-serving, independent venture" because Rose was not present at the ramp inspection but repeatedly made false representations to the investigator. (ECF No. 26 at 14-15.) The

---

[9]The Westfall Act scope-of-employment certification was filed in September 2022—more than three months after removal. (ECF Nos. 1, 24-2.) The U.S. Supreme Court has broadly held that "[o]n the jurisdictional issues . . . the Attorney General's certification is conclusive for purposes of removal." *Osborn*, 549 U.S. at 231. "[O]nce certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court." *Id*. The Court also notes that the certification here is by the U.S. Attorney because the Attorney General "has delegated authority to certify scope of office or employment under § 2679 to the United States Attorneys, among others." (ECF No. 21 at 2.) *See* 28 C.F.R. § 15.4(a).

[10]Richardson is only suing Rose for intentional torts in the Complaint. (ECF No. 1-1.) NRS § 41.745(1) specifically addresses an employer's liability for the intentional conduct of an employee. The statute provides that "[a]n employer is not liable for harm or injury caused by the intentional conduct of an employee if the conduct of the employee: (a) Was a truly independent venture of the employee; (b) Was not committed in the course of the very task assigned to the employee; and (c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment." *Vaugh v. Harrah's Las Vegas, Inc*., 238 P.3d 863 (Nev. 2008). The employee's conduct is reasonably foreseeable "if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury." NRS § 41.745(1).

[11]From the state record, there are exhibits of a transcript of Rose's responses during the interview, a supplement with Rose's additions and clarifications of his responses, and Wyatt Seeger's memo regarding Richardson's three-day suspension. (ECF No. 1-1 at 10-24.)

Court disagrees. Despite not being at the inspection, Rose was nonetheless *ordered* by his supervisor, Harold J. Jones, to participate in the FAA investigation against Richardson—he did not volunteer to participate in the interview. (ECF No. 20-3 at 2.) Rose was simply completing a task assigned to him by his supervisor—the task being his full cooperation with the investigator as he conducted interviews. (*Id.*) Hence, Rose's actions were not of a truly independent venture, and his comments were made during the course of a task assigned to him. *See* NRS § 41.745(1); *Vaugh v. Harrah's Las Vegas, Inc.*, 238 P.3d 863 (Nev. 2008).

Next, Rose's statements, although harsh and unfavorable to Richardson, were direct answers to the investigator's questions. (ECF No. 1-1.) For example, Richardson took issue with Rose's comments that he "had an 'ax' to grind against NDOT," had a "let's go get them" attitude, and was not telling management the whole truth. (ECF No. 26 at 15.) However, when viewed in the context of the interview—Kosco specifically asked Rose if he knew of any safety or non-compliance issues with the ramp inspection, asked for Rose's *opinion* about the ramp inspection and the methods he would have used instead, and asked for Rose's *opinion* about why Richardson was so adamant about pursuing a violation against NDOT. (ECF No. 1-1 at 12-17.) Rose simply answered by recounting what he heard from others about the ramp inspection, explained the methods he would have used as safety inspector, and provided his opinion about Richardson's motives for his actions. (*Id.* at 13-20.) From the transcript, Kosco clearly wanted Rose's opinions about Richardson's conduct and his questions were *intended* to elicit those opinions from Rose. (*Id.*) Rose, in return, answered Kosco's questions based on his personal knowledge and expertise. (*Id.*)

Moreover, all of Rose's comments fell within the scope of the FAA investigation and directly pertained to either Richardson's behavior during the ramp inspection or Richardson's *motivations* behind those behaviors. (*Id.*) Accordingly, a person of ordinary intelligence and prudence could have reasonably anticipated that Rose would provide those types of statements—and that Kosco's questions would elicit the opinion-based

and sometimes unfavorable responses from Rose. (*Id.*) *See* NRS § 41.745(1). Hence, Rose's actions did not exceed the scope of employment, certification is appropriate, and respondeat superior liability[12] attaches for Rose's alleged intentional torts. Rose is therefore dismissed from this action because he has absolute immunity, and the United States is substituted as Defendant under the Westfall Act. *See Osborn*, 549 U.S. at 229-30.

Because the Court finds that Rose acted within the scope of employment and certification was proper, the Court denies Richardson's request for limited discovery and an evidentiary hearing, as they would be "futile exercise[s]." (ECF No. 27 at 10-11.) *See Saleh*, 848 F.3d at 892; *see also Mansfield v. Pfaff*, 719 F. App'x 583, 585 (9th Cir. 2017) (finding that "[t]he district court correctly understood that an evidentiary hearing to review the Attorney General's Westfall Act certification is discretionary") (citation omitted).

**D. Dismissal Under Westfall Act**

Finally, the United States seeks dismissal because the Westfall Act has not waived the government's sovereign immunity for intentional torts and Richardson also failed to exhaust his administrative remedies. (ECF No. 5 at 2-4.) The Court agrees.[13] Although

---

[12]Even under the broader respondeat superior standard in Nevada for negligent torts, liability would still attach. *See Burnett v. CBA Sec. Serv., Inc.*, 820 P.2d 750, 751 (Nev. 1991) (explaining that respondeat superior liability broadly attaches "only when the employee is under the control of the employer and when the act is within the scope of employment") (citation and quotation marks omitted). Here, Rose was under the control of his employer because his supervisor ordered him to participate in the investigation against Richardson, and Rose's acts were within the scope of employment because he answered questions posed by the investigator and his responses directly related to Richardson's conduct during the ramp inspection and the motivations behind such conduct. (ECF Nos. 1-1, 20-3.)

[13]Richardson argues that the Westfall Act is not triggered since he is suing Rose in his individual capacity. (ECF No. 17 at 6.) The Court is unpersuaded because Richardson never specified in his Complaint whether he was suing Rose in his official or individual capacity. (ECF No. 1-1.) Nonetheless, Richardson's allegations suggest that he was suing in the official capacity because they pertained to Rose's actions during an official task he was assigned—participating in the FAA interview—and as discussed above, Rose's conduct was within the scope of employment. (*Id.*) The Court also notes that Richardson's response contains arguments about Rose's failure to invoke the Westfall Act at removal and waiver of the Act's protections. (ECF No. 17.) Since the Court has already addressed these issues above, the Court will not address them again in this section.

the Westfall Act waives the government's sovereign immunity from an employee's torts, the Act "excepts from the waiver certain intentional torts." *Levin v. U.S.*, 568 U.S. 503, 505 (2013). Specifically, 28 U.S.C. § 2680(h) excepts intentional torts like libel and slander and bars those claims under the Westfall Act. Because the United States is substituted as Defendant and Richardson is suing the United States for slander and libel, those claims are barred and dismissed under Section 2680(h). (ECF No. 1-1.) Richardson's intentional infliction of emotion distress claim is also barred because it arose from Rose's alleged defamatory comments during the interview and "the Supreme Court has implied that section 2680(h) bars claims arising out of either negligent or intentional commission of the enumerated torts." (*Id.*) *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1206-07 (9th Cir. 1988) (citation omitted).

Alternatively, dismissal is proper because Richardson failed to allege exhaustion of administrative remedies under the Westfall Act in his Complaint and the Court lacks jurisdiction over the claims. (*Id.*) *See* 28 U.S.C. § 2675(a); *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (noting that "[t]he FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury").

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Richardson's motion to remand (ECF No. 16) is denied.

It is further ordered that Richardson's objection (ECF No. 26) to Judge Denney's order (ECF No. 23) granting substitution is overruled.

It is further ordered that the United States is substituted as Defendant, Rose is dismissed from this case, and Defendant's motion to update case caption and docket sheet (ECF No. 22) is granted.

It is further ordered that Defendant's motion to dismiss (ECF No. 5) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 20th Day of December 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE